IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BENNY GIBSON BAKER                                                                                          PLAINTIFF

v.                                         4:24-cv-00512-BRW-JJV

LELAND DUDEK,
Acting Commissioner,
Social Security Administration                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations but must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Benny Gibson Baker, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted briefs, Plaintiff has replied, and the case is ready for a decision.

The review ability of the court is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence and Plaintiff's Complaint is DISMISSED.

Plaintiff was fifty-four at the time of the administrative hearing. (Tr. 39.) He testified that his highest level of education was eighth grade with no additional education or vocational training. (Tr. 40.) He has past relevant work as a production lead welder. (Tr. 41-42.)

The Administrative Law Judge (ALJ)[1] found that Mr. Baker had not engaged in substantial gainful activity since October 17, 2019, the amended alleged onset date. (Tr. 12.) He has "severe" impairments in the form of "brain tumor, status-post brain surgery, intracranial vascular disorder, status-post decompression, diabetes mellitus, obesity, and headaches." (*Id*.) The ALJ further found Mr. Baker did not have an impairment or combination of impairments meeting or equaling an

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]

The ALJ determined Mr. Baker had the residual functional capacity to perform work at the medium exertional level with the exceptions of never climbing ladders, ropes, or scaffolds; avoiding concentrated exposure to loud noise and excessive vibration; and can tolerate moderate exposure to hazardous machinery and unprotected heights. (Tr. 16-17.) Given this residual function capacity assessment, the ALJ determined Plaintiff could no longer perform his past work as a production lead welder. (Tr. 19-20.) Using a vocational expert and in consideration of the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ proceeded to step 5 of the sequential analysis to determine if other jobs existed that Plaintiff could perform despite his impairments. (Tr. 20.) The ALJ determined that Plaintiff could perform the jobs of counter supply worker, hospital cleaner, housekeeping cleaner, and attendant, which exist in significant numbers in the national economy. (Tr. 21.) Accordingly, the ALJ determined that Mr. Baker was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues the ALJ erred in finding his mental impairments were non-severe. (Doc. No. 10 at 9.) Plaintiff specifically argues, *inter alia*:

> Additionally, when evaluating Plaintiff's mental impairments, the ALJ never mentioned Plaintiff's treatment with psychiatric nurse practitioner Jennifer Price, who observed many abnormal findings on clinical examination including anxious mood (Tr. 1544, 1551, 1553, 1556, 1558, 1560, 1562, 1564, 1568); pressured speech (Tr. 1544, 1551, 1553, 1556, 1558, 1560, 1562, 1564, 1556, 1568, 1570, 1572); thought content abnormal for perseveration, delusions, obsessions, paranoid ideation, tangential, hallucinations, and/or somatic issues (Tr. 1544, 1551, 1553, 1556, 1558, 1560, 1562, 1564, 1572); restricted affect (Tr. 1551, 1553, 1556, 1558,

---

[2] 420 C.F.R. §§ 404. 1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

3

> 1560, 1562, 1564, 1566, 1568); irritability (Tr. 1551); flat affect (Tr. 1566, 1570, 1572); and apathetic mood (Tr. 1566). Thus, when evaluating the severity of Plaintiff's mental impairments and concluding they had no effect on Plaintiff's ability to work, the ALJ clearly ignored some of the most relevant evidence in the record: treatment notes from the psychiatric medication prescriber. This is error.

(Doc. No. 10 at 14.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
>   (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>   (2) Capacities for seeing, hearing, and speaking;
>   (3) Understanding, carrying out, and remembering simple instructions;
>   (4) Use of judgment;
>   (5)  Responding appropriately to supervision, co-workers and usual work situations; and
>   (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

After careful review, I find the medical evidence supports the ALJ's decision. The ALJ thoroughly explained his reasoning as to why he concluded Plaintiff's diagnoses were not "severe" mental impairments. The ALJ stated:

> The claimant's medically determinable mental impairments of depressive disorder, schizophrenia, generalized anxiety disorder, posttraumatic stress disorder (PTSD), and borderline intellectual functioning, considered singly and in combination, did

not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were therefore non-severe. In making this finding, I have considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.

The first functional area is understanding, remembering or applying information. In this area, the claimant had no limitation. The next functional area is interacting with others. In this area, the claimant had no limitation. The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant had mild limitation. The fourth functional area is adapting or managing oneself. In this area, the claimant had mild limitation. Treatment records from throughout 2020 and 2021 consistently noted appropriate affect and demeanor with alert presentation and normal orientation (Exs. B5F/15-56 and B11F/19). Throughout 2021, the claimant consistently exhibited a euthymic mood with a congruent affect, appropriate behavior, excellent insight and judgment, intact memory, good attention and concentration, and appropriate thought content (Ex. B13F/16-43). In August of 2021, the claimant underwent a psychological evaluation performed by Brittany Blair, M.S. He exhibited a pleasant mood with an appropriate affect, cooperative behavior, and some difficulty paying attention on tasks. Intelligence testing revealed a full-scale IQ score of 76, which was noted to be in the borderline range; however, his verbal comprehension and perceptual reasoning index scores were noted to be in the low average range (Ex. B6F/5-15). In January of 2022, an examination revealed appropriate appearance and behavior, unremarkable motor activity, a euthymic mood with a congruent affect, excellent insight and judgment, intact memory, good attention and concentration, appropriate thought content, and unremarkable thought processes. Further, it was noted that the claimant's voices had stopped and that he was teaching his son-in-law how to weld. Moreover, the claimant reported that he was ready to decrease his visits, "as he feels good and capable of handling his symptoms" (Ex. B13F/10-11). In early 2022, the claimant underwent a consultative psychological evaluation performed by Kenneth Hobby, Ph.D. The claimant denied needing help with activities of daily living. The claimant was noted to be attentive; he related appropriately and maintained appropriate eye contact; he was noted to be cooperative and pleasant; he was noted to be a good historian; and he exhibited no unusual behaviors. His mood was noted to be relaxed and "a little depressed" with good emotional control and normal variability in affect… Additional treatment records from early 2022 consistently noted appropriate affect and demeanor (Ex. B11F/24). In April of 2022, a review of systems was negative for anxiety or depression. Moreover, he continued to exhibit appropriate affect and demeanor (Ex. B11F/29-31). Therapy records from this period noted a flat or restricted affect with a dysphoric or anxious mood, normal memory, cooperative attitude, average intelligence, and normal concentration (Ex. B17F/22-30). Additional examinations performed in February, March, and May of 2022 consistently revealed appropriate appearance and behavior, unremarkable motor activity, a euthymic mood with a congruent affect, good insight, fair judgment, intact memory, good attention and concentration, appropriate thought

> content, and unremarkable thought processes (Ex. B13F/4, 6, 8). For the aforementioned reasons, the claimant had no greater than mild limitation in any of the four domains of mental functioning.
> . . .
>
> Because the claimant's medically determinable mental impairments caused no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they were non-severe (20 CFR 404.1520a(d)(1)).

(Tr. 13-15.)

This conclusion by the ALJ is supported by substantial evidence. As the ALJ noted, numerous medical examinations point to Mr. Baker's mental impairments not being significant enough to impact his ability to work. (Tr. 13, 647, 651, 655, 659, 663, 666, 669, 672, 676, 678, 682, 685, 1252, 1257, 1262-64, 1294, 1296, 1298, 1300-01.) Additionally, in performing a Mental Diagnostic Evaluation of Plaintiff, Kenneth Hobby, Ph.D., noted that Mr. Baker was attentive, cooperative, pleasant, maintained eye contact, and had no unusual behaviors. (Tr. 13-14, 1225-1227.) Dr. Hobby did note that Plaintiff reported experiencing hearing voices. (Tr. 1222.) However, Dr. Hobby suggests there were indications of malingering. (Tr. 1229, 1231-1232.) And two days after this exam, Mr. Baker reported that the voices stopped, and he felt he was ready to decrease visits due to feeling good and capable of handling symptoms. (Tr. 1301.)

The ALJ's decision is further supported by treatment records from Jennifer Price, DPN, APRN, who noted that Mr. Baker displayed normal memory, cooperative attitude, and average intelligence. (Tr. 14, 1564-1572.) It is the Plaintiff's burden to show not just the existence of an impairment but that the impairment causes functional limitations. *McNamara v. Astrue,* 590 F.3d 607, 611 (8th Cir. 2010). Plaintiff has not met this burden.

The ALJ also focused on Plaintiff's ability to function rather than his diagnosis. For example, Plaintiff was teaching his son-in-law how to weld, working on vehicles, taking care of grandchildren, and did not need help with activities of daily living. (Tr. 13, 40, 52-54, 1223, 1298,

6

1301, 1307, 1315, 1331, 1335, 1337, 1339.) This evidence supports the ALJ's decision that Mr. Baker's mental impairments do not significantly impact his ability to work.

Plaintiff argues that the ALJ failed to properly evaluate his subjective symptom testimony. (Doc. No. 10 at 16-19.) But after close review, I find the ALJ fairly evaluated Mr. Baker's subjective complaints. (Tr. 17-19.) In doing so, the ALJ concluded:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 18.)

The ALJ assessed Mr. Baker's subjective symptoms arising from brain surgery and migraines and concluded that "the objective medical evidence of record demonstrates that the combined effects of the claimant's physical impairments limited him to performing medium work with additional environmental restrictions." (Tr. 19.) Although it is not necessary for a claimant to be completely bedridden or unable to perform any household chores to be considered disabled, Plaintiff's activities and statements do not support an allegation of total disability. *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995) (daily caring for one child, driving when unable to find a ride, and sometimes going grocery shopping).

Plaintiff might feel the ALJ has provided boilerplate language that has little meaning or value; however, I consider the ALJ to have performed his sworn duty to fairly evaluate and decide this case on the evidence. Further, the ALJ's conclusions are supported by objective medical evidence. As the Commissioner argues:

> … [Plaintiff] makes only a broad argument that the ALJ did not consider his "limited daily activities," his use of "powerful psychotropic medications and their side effects," and "other factors" in evaluating his subjective complaints. *See* Pl.'s Br. At 18-19. Yet, Plaintiff fails to identify his allegedly limited daily activities, cite to any reports of medication side effects, or explain what "other factors" the

>ALJ neglected to consider. *See* Pl.'s Br. At 18-19; *see also* Tr. 261 (denying medication side effects), 271 (same), 284-85 (same), 1222 (same).

(Doc. No. 12 at 15.)

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff had the burden of proving his disability and thus, bore the responsibility of presenting the strongest case possible. *Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Mr. Baker has a number of issues, and I am sympathetic to his claims. Yet, I am simply unable find support in the record that he has met his burden.

Plaintiff's counsel has done an excellent job of advocating for his rights in this case; however, it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 19th day of March 2025.

                                               _____
                                               JOE J. VOLPE
                                               UNITED STATES MAGISTRATE JUDGE